**CONN, SHERROD & CO., INC.,**
Appellant,

v.

**TRI–ELECTRIC SUPPLY COMPANY, INC., Appellee.**

**No. 913.**

Court of Civil Appeals of Texas, Tyler.

March 11, 1976.

Rehearing Denied April 8, 1976.

Joe Meador, San Antonio, for appellant.

Allan K. DuBois, Lang, Cross, Ladon, Boldrick & Green, San Antonio, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from the 57th Judicial District Court of Bexar County, Texas, in which appellant, Conn, Sherrod & Co., Inc., was plaintiff and cross-defendant, and appellee, Tri-Electric Supply Company, Inc., was a defendant and cross-plaintiff.

For convenience, appellant will be referred to as "Conn, Sherrod" and appellee will be referred to as "Tri-Electric."

Appellant, Conn, Sherrod, as plaintiff, instituted this suit against Barnett Electric Company, as defendant, for indebtedness in the amount of $53,063.17, and to remove

mechanic's and materialmen's liens filed by Barnett Electric Company and appellee, Tri-Electric, upon the Woodbury apartment property and Gardendale Shopping Center property owned by Conn, Sherrod. Appellee, Tri-Electric, filed a cross-action against Barnett Electric Company and Conn, Sherrod, as cross-defendants, for sums owed for materials furnished by Tri-Electric for the above properties, for attorney's fees, and to foreclose its liens.

Trial was before the court without the aid of a jury. The claims of appellant, Conn, Sherrod, against Barnett Electric Company were dismissed with prejudice. It was agreed by the parties that appellee, Tri-Electric, was entitled to judgment against Charles C. Barnett, individually and d/b/a Barnett Electric Company. The claims between the appellant and Barnett individually and d/b/a Barnett Electric Company and Pan American National Bank were dismissed with prejudice.

The cause of action between Conn, Sherrod and Tri-Electric proceeded to trial before the court upon stipulated facts and certain documentary evidence. The court rendered judgment for Tri-Electric against Conn, Sherrod in the sum of $4,990.58; for attorney's fees in the sum of $750; and for foreclosure of its respective liens on appellant's properties. Only appellant, Conn, Sherrod, gave notice of appeal. Therefore, the judgment of the trial court, disposing of the other parties in the court below, is final.

The court found, in its findings of fact and conclusions of law, based upon the stipulated facts, that Tri-Electric substantially complied with the pertinent provisions of the Hardeman Act in perfecting its liens against the two parcels of property here involved, and had a valid lien on the property referred to in this cause as the "Woodbury Square Apartments" in the sum of $2,468.89, and against the "Gardendale Project" in the sum of $2,521.69, and was further entitled to attorney's fees in the sum of $750.

It is undisputed that in 1974, Conn, Sherrod, as owner and its own general contractor, began constructing improvements on these two of its properties. Contracts were entered into between Conn, Sherrod and Barnett Electric Company to do the electrical work on said projects. It is undisputed that the goods, wares and merchandise to be used in said projects were purchased from Tri-Electric and that the bills were owing on both projects.

On November 13, 1974, appellee's notices of claim on each project, in the respective amounts set out above, were received by appellant by certified mail. On January 24, 1975, Tri-Electric filed an instrument entitled "Lien Affidavit and Claim" against each respective property and two copies of each document were timely received by Conn, Sherrod and its attorney by certified mail. Such documents were duly recorded in the Builder's and Mechanic's Lien Records of Bexar County, Texas. The respective attestations to the lien affidavits and claims reflected an "acknowledgment" rather than a "jurat."

On April 3, 1975, an "Affidavit of Correction" was filed and recorded in the Builder's and Mechanic's Lien Records of Bexar County, Texas, and two copies of such affidavit were received by Conn, Sherrod by registered mail prior to trial. The Affidavit of Correction provided the sworn verification to the claims filed on January 24, 1975. The Affidavit of Correction did not amend or change in any respect the allegations or amounts contained in the original recorded claims.

The trial judge concluded that, as a matter of law, Tri-Electric had complied with the pertinent provisions of the Hardeman Act (Articles 5452–5472d, V.T.C.S.) in perfecting its liens. Conn, Sherrod, in its first three points of error, attacks this holding.

The facts are relatively undisputed as to the conduct of the parties in this suit. Upon the trial, appellant sought to have each of the lien affidavits declared null and void and of no force and effect and such liens removed from said properties, on the basis that the lien affidavits were defective inasmuch as they were not sworn, but were merely acknowledged. Conn, Sherrod also contended that the Affidavit of Correction

was not timely filed. Conn, Sherrod makes these same contentions on appeal.

Art. 5455, V.T.C.S., Form of Claim, provides in part:

> "An affidavit claiming a lien filed for record by any one claiming the benefit of this Act shall be signed by the claimant or by some person on his behalf and shall contain in substance the following:
>
> a. A *sworn* statement of his claim, including the amount thereof. A copy of the written agreement or contract, if any, may be attached at the option of the claimant." (Emphasis added.)

■ Where an instrument filed for purpose of claiming a lien on property, under the Hardeman Act, bore an acknowledgment but no jurat, such instrument was not an "affidavit" within the statute (Art. 5453, V.T.C.S.) requiring one who seeks to secure such lien to file an affidavit. Art. 23, subdivision 18, V.T.C.S.; *Crockett v. Sampson,* 439 S.W.2d 355 (Tex.Civ.App.—Austin 1969, n. w. h.).

■ It is apparent from a reading of the instruments that each "lien affidavit" is not an affidavit but a statement filed with only an acknowledgment. Neither has a jurat on it. A "jurat" is not the same as an "acknowledgment." *Crockett v. Sampson,* supra; *Perkins v. Crittenden,* 462 S.W.2d 565 (Tex.1970). It is, as a matter of fact, undisputed that the attestations to the lien affidavits and claims filed on January 24, 1975, reflected an "acknowledgment" rather than a "jurat."

■ We recognize the rule that mechanic's and materialmen's lien statutes of this state will be liberally construed for the purpose of protecting laborers and materialmen. *Hayek v. Western Steel Co.,* 478 S.W.2d 786 (Tex.1972). Nevertheless, the courts, possessing no legislative powers, may not enlarge or alter the plain meaning of statutory language. Wording in statutes is to be given its literal interpretation when that wording is clearly unambiguous. *Mathews Construction Co. v. Jasper Housing Construction Co.,* 528 S.W.2d 323 (Tex.

Civ.App.—Beaumont 1975, writ ref'd n. r. e.); *Goldman v. Torres,* 161 Tex. 437, 341 S.W.2d 154 (1960); *Board of Insurance Commissioners v. Guardian Life Insurance Co.,* 142 Tex. 630, 180 S.W.2d 906, 909 (1944).

The Hardeman Act provides in Art. 5453, V.T.C.S. (Supp.75–76), as follows:

> "The lien provided for in Article 5452 may be fixed and secured in the following manner:
>
> 1. Every original contractor, not later than one hundred twenty (120) days, and every other person or firm, lumber dealer or corporation, artisan, laborer, mechanic or subcontractor who may be entitled to a lien under this Act, not later than ninety (90) days, after the indebtedness accrues as defined herein in Article 5467, shall file his affidavit claiming a lien . . ."

Article 5453, supra, clearly states that those who are entitled to a lien under the Hardeman Act shall file an affidavit claiming such lien *not later than 90 days,* after the indebtedness accrues as defined in Art. 5467 of the Act.

As to each of the projects, the indebtedness accrued on November 10, 1974. The purported or defective lien affidavits were filed on January 24, 1975, making such filing within the 90-day period as provided in said statutes. The affidavit of correction was filed April 3, 1975, after such 90-day period had expired.

■ The "Affidavit of Correction" filed on April 3, 1975, was the first and only affidavit filed in accordance with the provisions of Art. 5453, supra. It was not filed within the 90-day period as required by the statute. The defects in the purported "affidavit liens" filed within the 90 days were in substance and not form. Art. 5453, supra, does not make any provision for a lien to be filed or perfected after the 90-day period has expired. No valid lien was lodged against these properties during the period allowed by law for the filing of a lien affidavit.

Substantial compliance is required when considering mechanic's and materialmen's lien statutes, including statutes governing affidavits necessary to perfect liens. *Mathews Construction Co. v. Jasper Housing Construction Co.,* supra. It is our considered opinion that the filing of the "Affidavit of Lien" on April 3, 1975, was not a substantial compliance with Art. 5453, supra.

In the Crockett case the Austin Court of Civil Appeals considered, among other articles of the Hardeman Act, Article 5453, supra. The court held that where an instrument filed for the purpose of claiming a lien on a building bore an acknowledgment but no jurat, such instrument was not an "affidavit" within the lien statute requiring one who seeks to secure a lien on property to file affidavits and that the appellee had not complied with the mechanic's and materialmen's lien statutes. The lien affidavit in the Crockett case was quite similar to those originally filed in the instant case, and contained an acknowledgment rather than a jurat. As we view the case at bar, we think that the Crockett case is controlling.

In view of our disposition of this case, we do not reach Conn, Sherrod's fourth point of error complaining of the attorneys' fees awarded against it.

That portion of the judgment in favor of Tri-Electric Supply Company, Inc., and against Conn, Sherrod & Co., Inc., is reversed and judgment is hereby rendered that Tri-Electric take nothing against Conn, Sherrod.