Ms. Candy Moore Executive Officer Polygraph Examiners Board 5805 North Lamar P.O. Box 4087 Austin, Texas 78773
Re: Meaning of "immediately preceding" for the purposes of section 8(a)(2) of article 4413 (29cc), V.T.C.S., the Polygraph Examiners Act
Dear Ms. Moore:
You request an opinion of this office as to the meaning of the words "immediately preceding" as used in section 8(a)(2) of article 4413 (29cc), V.T.C.S., the Polygraph Examiners Act. That section of the act prescribes the qualifications necessary for a polygraph examiner's license, stating that
 Sec. 8(a) A person is qualified to receive a license as an examiner
. . . .
 (2) who holds a baccalaureate degree from a college or university accredited by an organization that the board designates and that the board determines has accreditation standards to ensure a high level of scholarship for students, or in lieu thereof, has five consecutive years of active investigative experience immediately preceding his application. . . . (Emphasis added).
We conclude that compliance with the optional experience requirement of section 8(a)(2) requires that an applicant's five consecutive years of experience occur just before his application; there may not be a significant interval of time before the filing of the application.
Such an interpretation is consistent with the canons of statutory construction. The courts have held that the legislature is presumed to have used each word intentionally, and, if the meaning of the language is not ambiguous, words should be given their plain and ordinary meaning. Cameron v. Terrell and Garrett, Inc., 618 S.W.2d 535 (Tex. 1981); Taylor v. Firemen's and Policemen's Civil Service Commission of City of Lubbock,616 S.W.2d 187 (Tex. 1981); Conn, Sherrod and Co., Inc., v. Tri-Electric Supply Co., Inc., 535 S.W.2d 31 (Tex.Civ.App.-Tyler 1976, writ ref'd n.r.e.). Since Black's Law Dictionary 675 (5th ed. 1979), defines "immediately" as "without interval of time," section 8(a)(2) clearly refers to the five years directly proximate to the filing of the application.
If the legislature had wanted to permit a delay between the experience and the application, it would have indicated this fact, as it explicitly did in the Real Estate License Act. In that statute the legislature purposefully inserted a grace period, requiring an applicant to furnish proof
 that he is a licensed real estate broker in another state, [and] that he has had not less than two years' active experience . . . during the 36-month period immediately preceding the filing of the application. . . .
V.T.C.S. art. 6573a, § 7(h)(2) (Emphasis added).
The words "immediately preceding," as used in section 8(a)(2) of article 4413 (29cc), V.T.C.S., the Polygraph Examiners Act, requiring as an alternative to a baccalaureate degree five years of active investigative experience "immediately preceding" the application, mean the five years nearest to the filing of the application.
 SUMMARY
The words "immediately preceding," as used in section 8(a)(2) of article 4413 (29cc), V.T.C.S., the Polygraph Examiners Act, requiring as an alternative to a baccalaureate degree five years of active investigative experience "immediately preceding" the application, mean the five years nearest to the filing of the application.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Rick Gilpin Assistant Attorney General