**Forrestiene RICHARDSON, Christopher Cardwell, Kimberly Cardwell, Thomas M. Richard, Julie S. Richard, Stephen E. Rookard, and Edna Rookard, Appellants,**

v.

**MID-CITIES DRYWALL, INC., Appellee.**

No. 06–97–00086–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 2, 1998.

Decided April 27, 1998.

---

Grant Landis Scherzer, Mark S. Pfeiffer, Dallas, for Appellants.

Steven I. Ginsberg, Fort Worth, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Forrestiene Richardson, Christopher Cardwell, Kimberly Cardwell, Thomas M. Richard, Julie S. Richard, Stephen E. Rookard, and Edna Rookard (Richardson) appeal from a summary judgment entered in favor of Mid–Cities Drywall, Inc. in connection with a mechanic's lien taken by Mid–Cities Drywall on a building later purchased by Richardson.

Richardson contends that the summary judgment was improperly taken because the affidavit claiming the existence of the lien did not contain the claimant's business address.[1]

Mid-Cities Drywall supplied materials for and assisted in making improvements on four pieces of realty. At that time, Mid–Cities Drywall placed a mechanic's and materialman's lien on each piece of realty. Those properties were purchased by Richardson without payment of the amounts due. Mid–Cities Drywall filed suit. Richardson sought a summary judgment on the basis that the lien was invalid because the business address of Mid–Cities Drywall was not in the affidavit supporting the lien. Mid–Cities Drywall filed its own motion for summary judgment seeking payment. The court granted Mid–Cities Drywall's motion, ordered recovery, and denied Richardson's motion.

\*   **Summary Judgment Standard of Review**

Summary judgment is proper when the movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.[2] The question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of the plaintiff's cause of action, but whether the summary judgment proof establishes that the movant is entitled to summary judgment as a

---

1.  Richardson also asks in a point of error that we grant his own motion for summary judgment, but there is no argument under that point. Accordingly, we will not consider the contention.

2.  *Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); *Baubles & Beads v. Louis Vuitton, S.A.,* 766 S.W.2d 377 (Tex.App.- Texarkana 1989, no writ); Tex.R. Civ. P. 166a(c).

matter of law.[3]

The crux of this case lies in Article 53.054 of the Texas Property Code.[4] At the relevant time, the section provided that in order to perfect a mechanic's, contractor's, or materialman's lien, the person claiming the lien must file a document with the county clerk of the county where the property is located by a particular date.[5] The contents of the document, as provided by statute, must contain:

(a) The affidavit must be signed by the person claiming the lien or by another person on the claimant's behalf and must contain substantially:

(1) a sworn statement of the claim, including the amount;

(2) the name of the owner or reputed owner;

(3) a general statement of the kind of work done and materials furnished by the claimant;

(4) the name of the person by whom the claimant was employed or to whom the claimant furnished the materials or labor;

(5) the name of the original contractor;

(6) a description, legally sufficient for identification, of the property sought to be charged with the lien; and

*(7) the claimant's business address.*

TEX. PROP.CODE ANN. § 53.054 (emphasis added).

The only issue before this Court is whether the claimant's business address being written on the back, outside the sworn sections, is sufficient to meet the requirements of the Property Code. There are no cases directly on point.

■ The general rule is that mechanic's and materialman's statutes will be liberally construed for the purpose of protecting laborers and materialmen.[6] "Substantial compliance" is required in order to fulfill the requirements of the statute.[7]

■ An example of lack of substantial compliance is demonstrated by a case in which the affidavit contained a defective description of the property where the improvements were made—such that it could not be identified.[8] Where there is no jurat but only an acknowledgment, then the instrument is insufficient to meet the requirements of the statute and will not perfect the claim.[9] In such a case, substantial compliance has not been shown.

If, however, the document is an affidavit, as in the present case, then the cases are fact-specific as to result. For example, imprecise information contained within the affidavit was found to be in substantial compliance with the statute. In *Gill Savings Ass'n v. International Supply Co.,*[10] the amount set out as being due and owing in the lien turned out not to be the correct amount after full reconciliation of the account. There are also cases holding that when the claimant misnamed the property owner as a corporation, but the actual owners were the individuals who were the stockholders and president of the corporation, then substantial compliance was shown.[11]

**3.** *Gonzalez v. Mission American Ins. Co.,* 795 S.W.2d 734, 736 (Tex.1990).

**4.** TEX. PROP.CODE ANN. art. 53.054 (Vernon 1995), Act of April 18, 1989, 71 st Leg., R.S., ch. 1138, § 6, eff. Sept. 1, 1989). The section has since been amended by Act of May 19, 1997, 75 th Leg., R.S., ch. 526, eff. Sept. 1, 1997).

**5.** TEX. PROP.CODE ANN. § 53.052 (Vernon Supp. 1998).

**6.** *First Nat'l Bank of Dallas v. Whirlpool Corp.,* 517 S.W.2d 262 (Tex.1974); *Hayek v. Western Steel Co.,* 478 S.W.2d 786, 795 (Tex.1972).

**7.** *First Nat'l Bank v. Sledge,* 653 S.W.2d 283, 285 (Tex.1983).

**8.** *Perkins Const. Co. v. Ten–Fifteen Corp.,* 545 S.W.2d 494, 501 (Tex.Civ.App.-San Antonio 1976, no writ). In *Perkins,* however, the court also noted that the record failed to establish that the affidavit was timely filed and thus was not perfected.

**9.** See *Sugarland Business Center, Ltd. v. Norman,* 624 S.W.2d 639, 641 (Tex.App.-Houston [14th Dist.] 1981, no writ).

**10.** 759 S.W.2d 697 (Tex.App.-Dallas 1988, writ denied).

**11.** *Marathon Metallic Bldg. Co. v. Texas Nat'l Bank,* 534 S.W.2d 743, 746–47 (Tex.Civ.App.-Waco 1976, no writ).

The concept is that substantial compliance is shown to exist where no one has been misled to his prejudice.[12]

In the present case, the mailing address of the claimant appeared on the affidavit, but not within the sworn portion of the affidavit. It appears as the address to which the document was to be returned by the clerk after it was recorded. In also appears on the attachment prepared by the county clerk as part of the official record specifying the index date and providing a receipt.

Richardson contends that this is not substantial compliance because the address is not in the sworn portion of the affidavit. There was no allegation either at the trial or on appeal of a lack of notice created by this omission.

If strict compliance were required, the affidavit would fail to perfect the lien. The question of substantial compliance is a different question. The few cases exploring this statute and its predecessors indicate that the statute should be applied liberally to protect all laborers and materialmen. Because the document provides all other required information in the sworn section, and because the mailing address contained on the document accurately provides a means of contact with the claimant (which is the purpose of the address), we find it substantially complies with the statute. We find the lien was perfected.

The judgment is affirmed.

---

**12.** *See Hunt Developers, Inc. v. Western Steel Co.,* 409 S.W.2d 443, 449 (Tex.Civ.App.-Corpus Christi 1966, no writ).