# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00468-CV

**Mustang Tractor & Equipment Co. and Mustang Rental Services, Inc., Appellants**

**v.**

**Hartford Accident and Indemnity Company; Hartford Casualty Insurance Company; and White-Spunner Construction, Inc., Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. D-1-GN-01-004232, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## O P I N I O N

Mustang Tractor & Equipment Company and Mustang Rental Services, Inc., (collectively, "Mustang") appeal the trial court's order granting the motion for summary judgment filed by Hartford Accident and Indemnity Company, Hartford Casualty Insurance Company (collectively, "Hartford"), and White-Spunner Construction, Inc. ("White-Spunner"), to remove four materialman's liens totaling $115,720.03 that had been filed by Mustang. Hartford and White-Spunner contend that Mustang, in preparing the lien affidavits, failed to comply with the requirements of the property code. Specifically, they argue that the lien affidavits were invalid due to the omission of information regarding when and how pre-lien notice had been provided to the property owner. *See* Tex. Prop. Code Ann. § 53.054(a)(8) (West 2007). In a single issue on appeal, Mustang asserts that the district court, in determining that omission of the information rendered the

liens invalid, erroneously held Mustang to a strict-compliance standard in executing the lien affidavits, rather than the required standard of substantial compliance. We sustain Mustang's issue and reverse the order granting summary judgment.

**BACKGROUND**

White-Spunner, a general contractor, agreed to construct a home-improvement center in Austin on property owned by Home Depot USA, Inc., and hired Siteprep, Ltd., as a subcontractor to perform the site-preparation work on the property. Siteprep then leased certain heavy equipment from Mustang in order to perform its site work for the project. When Siteprep failed to fully pay Mustang for its use of the equipment, Mustang sent notices to the property owner, Home Depot, and the general contractor, White-Spunner, stating that Siteprep's debts to Mustang were unpaid. *See id*. § 53.056 (a), (b) (requiring that property owner and general contractor be served with notice of subcontractor's debt before materialman's liens can be filed). After sending the notices, Mustang timely filed affidavits claiming liens on the property with the county clerk, serving both Home Depot and White-Spunner with copies of the affidavits. *See id*. §§ 53.052 (requiring that lien affidavit be filed with county clerk in county where property is located), 53.055 (requiring that copies of lien affidavit be provided to property owner and general contractor within five days after affidavit is filed).

Mustang sued Home Depot and White-Spunner for foreclosure of the statutory liens, trapped funds, and statutory retainage. Mustang also brought a claim against White-Spunner for

2

failure to promptly pay pursuant to chapter 28 of the property code. *See id.* §§ 28.001-.005.[1]

Following commencement of the suit, Home Depot posted bonds to indemnify and release Mustang's liens against the property. The Hartford entities, as sureties under the bonds, were then substituted for Home Depot in the pending litigation. On October 26, 2004, Hartford and White-Spunner filed a motion for summary judgment contending that the liens were invalid, which the trial court denied. Approximately two years later, on October 20, 2006, after this court issued its opinion in *Milner v. Balcke-Durr, Inc.*, No. 03-05-00547-CV, 2006 Tex. App. LEXIS 6935 (Tex. App.—Austin Aug. 4, 2006, no pet.) (mem. op.), Hartford and White-Spunner filed a second motion for summary judgment re-urging the grounds that the district court had previously rejected. The district court granted the second motion for summary judgment in favor of Hartford and White-Spunner on all claims, declared that the four liens were invalid, and ordered that the liens be expunged. Mustang now appeals the summary judgment on the foreclosure claim.

## STANDARD OF REVIEW

Because the propriety of a summary judgment is a question of law, we review the trial court's decision de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

---

[1] White-Spunner and Hartford contend on appeal that the order granting summary judgment should be affirmed on the basis that Mustang failed to brief the prompt-pay claim. It is true that if the trial court does not specify a basis for granting summary judgment, an appellant must show that each of the grounds asserted in support of summary judgment were insufficient to support the ruling. *See Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 642-43 (Tex. 1996). However, in the present case, Mustang's prompt-pay claim is a wholly separate cause of action on which summary judgment was granted, rather than an alternative ground asserted in support of summary judgment on the foreclosure claim. As a result, Mustang's failure to brief the prompt-pay claim simply results in a waiver of that particular claim on appeal and has no effect on the issue of the validity of the liens.

3

The issue in this case is a matter of statutory construction, which is a legal question that we review de novo, ascertaining and giving effect to the legislature's intent as expressed by the plain and common meaning of the statute's words. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). We must read the statute as a whole, rather than just isolated portions, giving meaning to the language that is consistent with other provisions in the statute. *Dallas County Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 872-73 (Tex. 2005). We must also presume that the legislature intended a reasonable result and avoid construing the statute in ways that lead to foolish or absurd consequences. *Wesco Distrib., Inc. v. Westport Group, Inc.*, 150 S.W.3d 553, 557 (Tex. App.—Austin 2004, no pet.); *Southwestern Life Ins. Co. v. Montemayor*, 24 S.W.3d 581, 584-85 (Tex. App.—Austin 2000, pet. denied).

## DISCUSSION

In its sole point of error, Mustang complains that the trial court erroneously applied a strict-compliance standard in determining that Mustang's lien affidavits were invalid as a result of their failure to include the date and method by which notice was sent to the property owner. *See* Tex. Prop. Code Ann. § 53.054(a)(8).

The mechanic's and materialman's lien statutes, as well as the relevant case law, mandate that a lien affidavit should not be judged by a strict standard but by whether the claimant substantially complied with the statutory requirements. *See id*. § 53.054 (stating that lien affidavits "must contain substantially" the required information); *Occidental Neb. Fed. Sav. Bank v. East End Glass Co.*, 773 S.W.2d 687, 688 (Tex. App.—San Antonio 1989, no writ) ("For purposes of perfection, only substantial compliance is required in order to fulfill the requirements of the

4

mechanic's and materialman's lien statutes.").  This substantial-compliance standard is consistent

with the liberal construction generally afforded to mechanic's and materialman's lien statutes.  *See,*

*e.g.*, *First Nat'l Bank in Dallas v. Whirlpool Corp.*, 517 S.W.2d 262, 269 (Tex. 1974) ("It is well

settled that the mechanic's and materialman's lien statutes of this State will be liberally construed

for the purpose of protecting laborers and materialmen.").[2]

Section 53.054 of the property code, which sets forth the requirements of a lien

affidavit, provides:

> (a) The affidavit must be signed by the person claiming the lien or by another person
> on the claimant's behalf and must contain substantially:
>
> (1) a sworn statement of the amount of the claim;
>
> (2) the name and last known address of the owner or reputed owner;
>
> (3) a general statement of the kind of work done and materials furnished by
> the claimant and, for a claimant other than an original contractor, a statement of each
> month in which the work was done and materials furnished for which payment is
> requested;
>
> (4) the name and last known address of the person by whom the claimant was
> employed or to whom the claimant furnished the materials or labor;
>
> (5) the name and last known address of the original contractor;
>
> (6) a description, legally sufficient for identification, of the property sought
> to be charged with the lien;

---

[2] By applying a liberal construction, courts "give the language of a statutory provision, freely and consciously, its commonly, generally accepted meaning, to the end that the most comprehensive application thereof may be accorded, without doing violence to any of its terms." *Wesco Distrib., Inc. v. Westport Group, Inc.*, 150 S.W.3d 553, 557 (Tex. App.—Austin 2004, no pet.) (citing *Maryland Cas. Co. v. Smith*, 40 S.W.2d 913, 914 (Tex. Civ. App.—Dallas 1931, no writ)).

(7) the claimant's name, mailing address, and, if different, physical address; and

(8) for a claimant other than an original contractor, a statement identifying the date each notice of the claim was sent to the owner and the method by which the notice was sent.

Tex. Prop. Code Ann. § 53.054(a).

The lien affidavits provided by Mustang to the owner and general contractor contained each of the elements listed in section 53.054(a) except the information described in subparagraph 8—the date that notice of the claim was sent to the owner and the method by which notice was sent. However, the notices on their face identify the date and method by which they were sent and the parties do not dispute that the owner received timely notice of the claim. Mustang argues that because omission of the information described in subparagraph 8 was merely a technical defect that did not prejudice the contractor or owner, the lien affidavits substantially complied with the statutory requirements.

The specific issue before this Court is one of first impression, as we have found no cases in which a lien affidavit failed to include the information described in subparagraph 8 of section 53.054(a). In general, courts that have addressed substantial-compliance issues have distinguished between mere technical defects, which can be excused, and those defects that are more substantive in nature and, if overlooked, would read a provision out of the statute or prejudice another party. *See, e.g.*, *First Nat'l Bank in Graham v. Sledge*, 653 S.W.2d 283, 287 (Tex. 1983) (holding that lien was perfected despite fact that owner was sent only one copy of lien affidavit rather than two copies as required by statute, noting that "we see no harm in failing to provide the owner

6

an extra copy" because general contractor was in bankruptcy); *New AAA Apartment Plumbers, Inc. v. DPMC-Briarcliff, L.P.*, 145 S.W.3d 728, 730 (Tex. App.—Corpus Christi 2004, no pet.) (claimant substantially complied with property code section 53.055 by sending copy of lien affidavit to property owner before, rather than after, affidavit was filed because owner received notice and therefore "the purpose of the statute was fulfilled"); *Richardson v. Mid-Cities Drywall, Inc.*, 968 S.W.2d 512, 515 (Tex. App.—Texarkana 1998, no pet.) (substantial compliance existed where claimant's mailing address was not included within sworn portion of affidavit but could be found on back of affidavit as address to which document was to be returned); *Occidental*, 773 S.W.2d at 688 & n.2 (incorrectly sending notice to contractor rather than owner where owner was, for practical purposes, same person as contractor due to "scheme of interlocking corporate shells" constituted mere technical defect that did not preclude finding of substantial compliance); *Marathon Metallic Bldg. Co. v. Texas Nat'l Bank of Waco*, 534 S.W.2d 743, 747 (Tex. Civ. App.—Waco 1976, no writ) (substantial compliance occurred despite incorrectly naming corporation as property owner when actual owners were individual stockholders and president of named corporation).

Courts have been more willing to excuse a mistake or omission in cases where no party is prejudiced by the defect. *See Richardson*, 968 S.W.2d at 515 ("The concept is that substantial compliance is shown to exist where no one has been misled to his prejudice."); *Hunt Developers, Inc. v. Western Steel Co.*, 409 S.W.2d 443, 449 (Tex. Civ. App.—Corpus Christi 1966, no writ) ("[C]ompliance is especially sufficient where no one has been misled to his prejudice. The Legislature did not intend that the materialman should lose his lien through the technicalities of a warning, where the owner was not misled to his prejudice.").

7

In support of their argument that the omission in the present case is substantive, rather than merely technical, White-Spunner and Hartford cite cases where claimants' mistakes or omissions were sufficiently defective to be considered a failure to substantially comply with statutory requirements. *See Milner*, 2006 Tex. App. LEXIS 6935, at \*8-9; *Wesco*, 150 S.W.3d at 553, *Mainline Indus. Servs., Inc. v. Inland Enters., Inc.*, No. 06-00-00020-CV, 2001 Tex. App. LEXIS 2841, at \*7-8 (Tex. App.—Texarkana May 2, 2001, no pet.) (not designated for publication); *Tribble & Stephens Co. v. Consolidated Servs., Inc.*, 744 S.W.2d 945, 951 (Tex. App.—San Antonio 1987, writ denied). We find these cases to be distinguishable from the instant suit.

The affidavit at issue in *Milner* failed to reference the months in which work was performed—the information described in subparagraph 3 of property code section 53.054(a). 2006 Tex. App. LEXIS 6935, at \*8. Noting that the issue had not been briefed on appeal, this Court held that compliance with section 53.054(a)(3) "was essential to perfection of [appellant's] statutory lien." *Id*. at \*8-9. However, the information required by section 53.054(a)(3) must necessarily be provided in order for a property owner or general contractor to assess the validity of the lien or determine whether it properly complied with the statutory retainage requirements. *See* Tex. Prop. Code Ann. § 53.054(a)(3) (requiring, "for a claimant other than an original contractor, a statement of each month in which the work was done"). As a result, the failure to provide such information could conceivably mislead an owner or contractor to his prejudice, although, because the issue was not briefed, it is not clear whether the owner or contractor in *Milner* had actual knowledge of the months in which work was performed. *See id.* at \*8. In contrast, the record in the present case reflects that Home Depot and White-Spunner had actual knowledge of the information at issue—the date and

8

method by which notice had been mailed—and therefore would not have been misled to their prejudice by Mustang's failure to include such information in the lien affidavits.

Similarly, the affidavit at issue in *Mainline*, an unpublished case, failed to include a number of items, including the owner's name and last known address, a general statement of the kind of work done and materials furnished, and the claimant's mailing address. 2001 Tex. App. LEXIS 2841, at *3. Unlike the affidavit in the present case, which merely omitted a single item in the enumerated list found in section 53.054(a), the affidavit in *Mainline* excluded nearly half of the listed items, lending support to the holding that the claimant failed to substantially comply with the statute. Furthermore, omission of such items as the owner's name and address, a statement of work done and materials furnished, and the claimant's mailing address has far greater potential to mislead the owner or a third party to their prejudice than omission of the date and method by which notice was mailed. As the court notes in *Mainline*, failure to include the owner's name and address cannot be considered merely a technical defect, due to "the basic principal behind recording liens with the county, which is to provide constructive notice to third parties." *Id.* at *7.

In *Wesco*, 150 S.W.3d at 555, a materialman's lien was rendered invalid because the property owner did not receive a pre-lien notice of the claim before the statutory deadline. *See* Tex. Prop. Code Ann. § 53.056 (requiring pre-lien notice to owner or general contractor). However, unlike the types of technical defects that courts have excused under the substantial-compliance standard, failure to timely provide pre-lien notice to the property owner defeats the purpose of the notice requirements in the mechanic's and materialman's lien statutes. *See Wesco*, 150 S.W.3d at 559 ("The purposes of notice are: (1) to give those parties entitled to notice an opportunity to protect

9

their interests, and (2) to prevent surprise."). Due to the overwhelming potential for misleading the property owner to his prejudice, a complete failure to provide the owner with timely notice of the claim could reasonably be viewed as falling short of substantial compliance. In the present case, however, there is no such potential to mislead the property owner, as it is undisputed that Mustang delivered the required pre-lien notices within the statutory deadline.

The facts of *Tribble*, 744 S.W.2d at 951, also involve a claimant failing to provide proper notice to the property owner, although the notice at issue in *Tribble* was a copy of the filed affidavit, as required by section 53.055 of the property code, rather than the pre-lien notice required by section 53.056. The court held that the lien was invalid because "there is no compliance when no copies [of the affidavit] are sent." *Id.* It is clear how failure to provide copies of the affidavit could potentially mislead the owner to his prejudice, as "[t]he purpose of § 53.055 is to ensure that the owner receives *actual* notice that an affidavit has been filed against the property so that he will be able to take steps to protect himself." *Cabintree, Inc. v. Schneider*, 728 S.W.2d 395, 396-97 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd). However, as previously discussed, such a concern that the owner could be misled to his prejudice is simply not an issue in the present case.

Finally, White-Spunner and Hartford argue that the substantial-compliance standard requires, at a minimum, an attempt to comply with each individual statutory requirement, contending that there is no case law suggesting that a claimant can substantially comply after omitting an entire item from the enumerated list found in section 53.054(a). We disagree. In *Richardson*, 968 S.W.2d at 515, the claimant completely omitted the information required by subparagraph 7 of section 53.054(a)—the claimant's name and address—from the sworn portion of the affidavit. However,

10

the court noted that the claimant's address was included in the notice to the clerk regarding where to return the document after recording, as well as on an attachment to the affidavit that was prepared by the clerk. *Id.* Upon determining that there was no allegation of a lack of notice created by this omission, and therefore no one had been misled to his prejudice, the court concluded that the claimant had substantially complied with the statute. *Id.* The court reasoned:

> If strict compliance were required, the affidavit would fail to perfect the lien. The question of substantial compliance is a different question. The few cases exploring this statute and its predecessors indicate that the statute should be applied liberally to protect all laborers and materialmen. Because the document provides all other required information in the sworn section, and because the mailing address contained on the document accurately provides a means of contact with the claimant (which is the purpose of the address), we find it substantially complies with the statute.

*Id*.

As in *Richardson*, the efforts by the claimant in the present case were sufficient to fulfill the purposes of the statute. The parties do not dispute that Mustang provided the owner with pre-lien notices of its claims, which on their face identified the date and method by which they were sent, and there is no allegation that the owner did not receive actual notice of the claims in a timely manner. Because the omission of the date and method by which the notices were sent constitutes a mere technical error, and because there is no risk that anyone was misled to his prejudice as a result of such omission, we hold that Mustang's lien affidavits substantially complied with the statute.

## CONCLUSION

Because we have determined that the trial court erred in determining that Mustang's lien affidavits failed to comply with the requirements of the property code, the trial court's order

11

granting summary judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Reversed and Remanded

Filed:   July 2, 2008