# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00652-CV

**Ready Cable, Inc., Appellant**

**v.**

**RJP Southern Comfort Homes, Inc., Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT NO. 07-730-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## O P I N I O N

This suit involves whether a subcontractor may enforce a statutory materialman's lien against a property owner when the county clerk refused to accept the subcontractor's timely delivered lien affidavit for filing. *See* Tex. Prop. Code Ann. § 53.052(a) (West 2007). We hold that where there is no legitimate basis for the clerk's refusal to file the lien affidavit, the affidavit should be deemed to have been filed on the date it was delivered for filing. Consequently, we reverse the district court's judgment and remand to the district court for further proceedings consistent with this opinion.

### Factual and Procedural Background

Appellee RJP Southern Comfort Homes, Inc. constructed improvements on its real property in Williamson County. RJP hired contractor Jimmy Reyes Concrete Construction to install foundations for two condominiums on the property. Reyes, in turn, hired appellant

Ready Cable, Inc. to supply post-tension and foundation materials, and work related to those materials. RJP alleges that it paid Reyes in full for the work performed on the improvements. However, Reyes failed to pay Ready Cable for its labor and materials on the project, which had been delivered on April 18, 2007.

Ready Cable sent notice of claim and demand for payment to RJP on July 15, 2007, for the $2,118.72 for which Ready Cable had not received payment. On August 15, 2007, Ready Cable caused to be delivered to the county clerk of Williamson County an affidavit claiming a lien on RJP's property in the same amount. Attached to the affidavit was a document entitled "EXHIBIT 'A' to Condominium Declaration: FIELD NOTES," which contained a legal description of the property sought to be charged with the lien. The phrase "Unofficial Document" appears across the face of the document.

On August 21, 2007, Ready Cable received notification from the Williamson County Clerk, dated August 16, that the clerk had not accepted the filing. According to the clerk, it could not accept an unofficial document as an attachment. On September 17, 2007, Ready Cable filed a modified affidavit with the clerk.

RJP filed suit against Ready Cable on August 29, 2007, seeking removal of the lien and attorneys' fees.[1] In its lawsuit, RJP filed a summary motion to remove Ready Cable's lien. *See*

---

[1] RJP also filed suit against Reyes, the contractor, and against Ironhorse Concrete, L.P., a second subcontractor, which had also filed an affidavit claiming a lien on RJP's property based on Reyes's non-payment. Reyes failed to appear or answer, and RJP took a default judgment against Reyes for breach of contract, violation of the Texas Trust Fund Act, and attorneys' fees. Following RJP's default judgment against Reyes, Ironhorse non-suited its claims, based on RJP being the real party in interest to Ironhorse's claims. No dispute involving Reyes or Ironhorse is before us on this appeal.

*id.* § 53.160(a) (West 2007).  According to RJP's summary motion, filed on June 24, 2008, Ready Cable's lien was not timely filed.  *See id.* § 53.052(a).  Ready Cable responded by filing a "traditional" motion for summary judgment, *see* Tex. R. Civ. P. 166a(c), and a "no evidence" motion for summary judgment, *see* Tex. R. Civ. P. 166a(i), contending that Ready Cable had performed all conditions precedent to properly secure a contractor's lien and that the lien is valid.  In response, RJP argued that no lien had been filed by the statutory deadline and, in support, attached Ready Cable's August 15 affidavit, the county clerk's notification that such filing could not be accepted, and Ready Cable's September 17 affidavit.  On September 23, 2008, the district court granted RJP's summary motion to remove the lien, ordered the lien removed, and awarded RJP attorneys' fees.  Ready Cable appeals.

*Analysis*

The Texas Property Code secures payment for persons who provide labor or materials for certain construction projects on real property by entitling such persons to a lien on the property.  *See* Tex. Prop. Code Ann. §§ 53.021-.023 (West 2007).  A subcontractor is considered a derivative claimant and must rely on these statutory lien remedies.  *Raymond v. Rahme*, 78 S.W.3d 552, 559 (Tex. App.—Austin 2002, no pet.) (citing *First Nat'l Bank v. Sledge*, 653 S.W.2d 283, 285 (Tex. 1983)).  To perfect its lien, therefore, Ready Cable was required to sign an affidavit with specified contents, *see* Tex. Prop. Code Ann. § 53.054 (West 2007), timely file the affidavit with the county clerk, *see id.* § 53.052(a), and provide notice of the filed affidavit to the property owner

and the original contractor, *see id.* § 53.055 (West 2007). Also, Ready Cable was required to have provided prior notice of the unpaid balance to the property owner and the original contractor. *See id.* § 53.056 (West 2007).[2]

We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). It is well settled that the mechanic's and materialman's lien statutes are to be liberally construed for the purpose of protecting laborers and materialmen. *First Nat'l Bank v. Whirlpool Corp.*, 517 S.W.2d 262, 269 (Tex. 1974). Generally, for purposes of perfecting the lien, only substantial compliance is required in order to fulfill the statutory requirements. *Occidental Neb. Fed. Sav. Bank v. East End Glass Co.*, 773 S.W.2d 687, 688 (Tex. App.—San Antonio 1989, no writ); *see* Tex. Prop. Code Ann. § 53.054(a). In addition, courts have been more willing to excuse a mistake or omission in cases where no party is prejudiced by the defect. *Mustang Tractor & Equip. Co. v. Hartford Accident & Indem. Co.*, 263 S.W.3d 437, 441 (Tex. App.—Austin 2008, pet. denied); *Richardson v. Mid-Cities Drywall, Inc.*, 968 S.W.2d 512, 515 (Tex. App.—Texarkana 1998, no pet.) ("[S]ubstantial compliance is shown to exist where no one has been misled to his prejudice.").

The single issue in this appeal is whether Ready Cable's affidavit delivered to the Williamson County Clerk should be deemed timely filed.[3] A party objecting to the validity or

---

[2] Additional requirements apply for perfection of liens in construction projects in which the contractor agrees to construct or repair the owner's residence. *See* Tex. Prop. Code Ann. §§ 53.001(9), (10), .052(b), .251-.260 (West 2007).

[3] The only basis for removal of the lien stated in RJP's summary motion is that the filing of the affidavit was not timely. *See* Tex. Prop. Code Ann. § 53.160(a) (West 2007) ("The [summary] motion must . . . state the legal and factual basis for objecting to the validity or enforceability of the claim or lien."). In addition, RJP argues on appeal that Ready Cable provided no evidence in the

enforceability of a lien via summary motion under property code section 53.160 may assert that the affidavit claiming a lien was not timely filed as required by property code section 53.052. *See* Tex. Prop. Code Ann. § 53.160(b)(2). Section 53.052 provides, in relevant part, that "the person claiming the lien must file an affidavit with the county clerk of the county in which the property is located . . . not later than the 15th day of the fourth calendar month after the day on which the indebtedness accrues." *Id.* § 53.052(a). The indebtedness at issue here accrued on or about April 18, 2007. Consequently, Ready Cable was required to have filed the affidavit claiming a lien by August 15, 2007.

The county clerk refused to accept Ready Cable's August 15 lien affidavit because the legal description of the property that was attached to the affidavit had on it the notation "unofficial document."[4] The question, then, is whether the August 15 affidavit fails to comply with

record that a proper filing fee was tendered to the county clerk. *See* Tex. Loc. Gov't Code Ann. § 118.023(b) (West 2008) ("A county clerk may not be compelled to file or record any instrument or writing authorized or required to be recorded until payment for all fees has been tendered."). However, RJP failed to raise this issue before the district court, either in its pleadings, in its summary motion, or in its response to Ready Cable's motion for summary judgment.

[4] Subsection (a)(6) of property code section 53.054 requires that the lien affidavit contain a description of the property sought to be charged with the lien that is "legally sufficient for identification." Tex. Prop. Code Ann. § 53.054(a)(6) (West 2007). However, as to the August 15 affidavit, there is no evidence that the property was incorrectly described, that the attachment failed to provide proper notice of which property was at issue, or that RJP would have been misled to its prejudice if the county clerk had accepted the affidavit with the attachment for filing. Thus, the county clerk's basis for rejecting Ready Cable's August 15 filing was not a defect that would cause the lien affidavit to fail to satisfy the substantial compliance requirement of property code section 53.054. *See id.* § 53.054(a); *Mustang Tractor & Equip. Co. v. Hartford Accident & Indem. Co.*, 263 S.W.3d 437, 444 (Tex. App.—Austin 2008, pet. denied) (finding substantial compliance by affidavit, despite non-compliance with subsection (a)(8) of section 53.054, where property owner received actual notice of claims in timely manner and was not misled to his prejudice); *Perkins Constr. Co. v. Ten-Fifteen Corp.*, 545 S.W.2d 494, 500-01 (Tex. Civ. App.—San Antonio 1976, no writ) (finding affidavit fatally defective where property owner "could not specifically locate

the timing requirements of property code section 53.052(a) when the only reason for such failure is the county clerk's rejecting its filing. We hold that, in this case, it does not. The county clerk was required to record the affidavit. *See id.* § 53.052(c) ("The county clerk shall record the affidavit . . . ."). RJP does not direct us to—and we do not find—any authority that would authorize the county clerk to refuse to file or record an affidavit of a materialman's lien based on an attachment bearing the property description also bearing the notation "unofficial document." Local government code section 191.007(a), relating to county records, provides as follows:

> A legal paper presented to a county clerk for filing or for recording in any county must meet the requirements prescribed by Subsections (b) through (g). Except as provided by this section, a county clerk may not impose additional requirements or fees for filing or recording a legal paper.

Tex. Loc. Gov't Code Ann. § 191.007(a) (West 2008). The filing of an affidavit of lien claim with an attachment describing the property concerned that bears the notation "unofficial document" is not a failure to meet the requirements of subsections (b) through (g) of section 191.007. *See id.* § 191.007(b)-(g). The county clerk was not authorized to "impose additional requirements" for filing or recording a legal paper such as the removal of irrelevant notations. *See id.* § 191.007(a). Therefore, filing the affidavit was a ministerial act, and the county clerk's refusal to accept the August 15 lien affidavit was improper.

Having found no authority for the county clerk's rejection of Ready Cable's filing, we conclude that the clerk's failure to accept for filing Ready Cable's lien affidavit when it was timely delivered for filing on August 15 did not result in invalidation of the lien claim for lack of

the 1.988-acre tract on which a lien is sought to be imposed from the description contained in the . . . instrument").

6

timeliness. *See* Tex. Prop. Code Ann. § 53.052(c) ("Failure of the county clerk to properly record or index a filed affidavit does not invalidate the lien."); *Biffle v. Morton Rubber Indus., Inc.*, 785 S.W.2d 143, 144 (Tex. 1990) (per curiam) ("Since [appellant] satisfied his duty to file timely the cost bond, he should not be penalized for an error once the instrument was in the custody and control of the clerk."). Moreover, RJP does not dispute its having received actual notice of the August 15 filing of the lien affidavit, or allege that it was otherwise misled to its prejudice. *See Mustang Tractor & Equip.*, 263 S.W.3d at 441; *Richardson*, 968 S.W.2d at 515. Therefore, Ready Cable's motion for summary judgment seeking denial of RJP's summary motion pursuant to property code section 53.160 should have been granted by the district court. We reverse the judgment of the district court.

In addition, Ready Cable asserted counterclaims against RJP seeking judicial foreclosure, damages, and attorneys' fees. We remand the cause to the district court for consideration of the parties' claims for attorneys' fees, and for all other actions necessary for final judgment to be entered consistent with our conclusion that Ready Cable's lien affidavit was timely filed in compliance with property code section 53.052.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop;
   Dissenting Opinion by Justice Patterson

Reversed and Remanded

Filed: August 28, 2009