# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00652-CV

**Ready Cable, Inc., Appellant**

**v.**

**RJP Southern Comfort Homes, Inc., Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT NO. 07-730-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

The majority deems appellant Ready Cable's affidavit claiming a materialman's lien timely filed on the bald premise that there was "no legitimate basis for the clerk's refusal to file the lien affidavit" that Ready Cable attempted to file on the last day of its four-month statutory deadline. But Ready Cable did not re-present or amend this affidavit or pursue other available remedies at the time against the county clerk when the county clerk refused to file the affidavit. Ready Cable chose to submit for filing a separate distinct affidavit after the statutory deadline for filing had expired. Because section 53.052 of the property code does not provide for an affidavit claiming lien to be filed after the applicable time period has expired, I would hold that Ready Cable's lien claim is not valid and affirm the judgment. *See* Tex. Prop. Code Ann. § 53.052 (West 2007). I, therefore, respectfully dissent.

This appeal arises out of a lawsuit brought by RJP Southern Comfort Homes, Inc. ("RJP"), an owner and developer of real property in Williamson County, against its contractor, Jimmy Reyes Concrete Construction,[1] who was hired to install concrete foundations on the property, and two subcontractors, including Ready Cable who contracted with Reyes to supply post tension and foundation materials for incorporation into the RJP project. In its amended petition, RJP alleged that it paid Reyes in full for work performed and materials provided and that Reyes failed to pay the subcontractors for services and materials provided. In its lawsuit, RJP sought to remove and declare invalid a "purported lien claim" by Ready Cable on RJP's real property. After RJP filed a summary motion to remove lien, the district court granted the motion and ordered the affidavit claiming a lien that Ready Cable had filed removed from the official public records of Williamson County. *See id.* § 53.160 (West 2007).

The underlying facts relating to the appeal are not in dispute. On April 18, 2007, Ready Cable delivered materials to the construction site and submitted a bill to Reyes in the amount of $2,118.72 for which Reyes failed to remit payment. After Reyes failed to pay the account, Ready Cable sent a notice of non-payment along with the invoices to RJP. RJP does not dispute that it received the notice. Subsequently, to secure payment, Ready Cable attempted to file an "Affidavit Claiming A Lien" with the county clerk of Williamson County. *See id.* §§ 53.051, .052 (West 2007). The affidavit claiming a lien was dated August 15, 2007, described the "property sought to be charged with the lien" by reference to an attached exhibit and "incorporat[ed] herein for all

---

[1] Reyes failed to appear or answer, and RJP took a default judgment against Reyes for breach of contract, violation of the Texas Trust Fund Act, and attorney's fees.

purposes" the exhibit. The attached exhibit purports to be the "Field Notes" of the "Condominium Declaration" setting forth a description of property under construction apparently prepared by a surveying company identified on the document. The phrase "Unofficial Document" appears across the face of the document. The county clerk did not file the affidavit for record but returned it to Ready Cable. In a notice dated August 16, 2007, the county clerk advised Ready Cable that the filing was being returned for the reason that "We cannot accept an unofficial document as an attachment."[2] Ready Cable filed a subsequent affidavit on September 17, 2007, with the county clerk. The subsequent affidavit contained a legal description of the property in the affidavit and did not have attachments.

RJP sought a summary motion to remove Ready Cable's "purported lien claim" on the ground that the affidavit claiming a lien was not filed timely. *See id*. §§ 53.052, .160(b)(2).[3] Ready Cable did not file a response, but filed a motion for summary judgment contending that it had complied with all conditions precedent necessary to enforce its lien against RJP "as evidenced by

---

[2] The notice that the county clerk sent when it returned the August 15 affidavit to Ready Cable also referenced local government code chapters 118, 191, 192, and 193 and property code chapters 11 and 12. *See* Tex. Loc. Gov't Code Ann. §§ 118.001-.801 (fees charged by county officers), 191.001-.009 (general records provisions affecting counties), 192.001-.007 (instruments to be recorded by counties); 193.001-.013 (recording and indexing by counties) (West 2008); Tex. Prop. Code Ann. §§ 11.001-.008 (provisions generally applicable to public records), 12.001-.018 (recording of instruments) (West 2004 & Supp. 2008).

[3] Section 53.160, titled "Summary Motion to Remove Invalid or Unenforceable Lien," provides that, "[i]n a suit brought to foreclose a lien or to declare a claim or lien invalid or unenforceable, a party objecting to the validity or enforceability of the claim or lien may file a motion to remove the claim or lien." Tex. Prop. Code Ann. § 53.160(a) (West 2007). At the hearing of a summary motion to remove lien, the burden is on the claimant to prove that notice of the claim and affidavit of lien were furnished to the owner and original contractor and on the movant "to establish that the lien should be removed for any other ground authorized by this section." *Id*. § 53.160(d).

3

this motion and its accompanying affidavits" and that there was no evidence that Ready Cable had not complied with all conditions precedent. *See* Tex. R. Civ. P 166a(i). In its affidavit accompanying its motion for summary judgment, the chief financial officer of Ready Cable averred that on August 15 Ready Cable "caused to be delivered" the affidavit claiming a lien on RJP's real property to the county clerk and that the company received the notice from the county clerk rejecting its affidavit on August 21. The district court held a hearing on the summary motion to remove lien, and both parties filed briefs with the district court after the hearing. The district court granted the summary motion, ordering that the affidavit claiming a lien that was filed by Ready Cable on September 17, 2007, be removed from the official public records of Williamson County.

In its sole issue on appeal, Ready Cable contends that it complied with the statutory requirements of Chapter 53 of the Texas Property Code by sending all necessary notices and timely *delivering* its affidavit to the county clerk and that the county clerk wrongfully refused to file the affidavit. Ready Cable does not dispute that the statutory deadline for filing was August 15, 2007, or that the county clerk did not file its August affidavit, but contends that RJP "has produced no evidence of any prejudice that resulted to it as a result of the delay in filing caused by the clerk's action" and urges that the clerk's "purported reason for refusal of the filing is not justified." Ready Cable contends alternatively that the filing was "complete upon delivery of an affidavit to the clerk with the appropriate fee."

It is fundamental that mechanic's and materialman's lien statutes of the State are to be liberally construed for the purpose of protecting laborers and materialmen. *See Hayek v. Western Steel Co.*, 478 S.W.2d 786, 795 (Tex. 1972); *Mustang Tractor & Equip. Co. v. Hartford Accident*

4

*& Indem. Co.*, 263 S.W.3d 437, 440 (Tex. App.—Austin 2008, pet. denied). Nevertheless, because a subcontractor is a derivative claimant and, unlike a general contractor, has no constitutional, common law, or contractual lien on the property of the owner, a subcontractor's lien rights depend on compliance with the statutes authorizing the lien. *First Nat'l Bank v. Sledge*, 653 S.W.2d 283, 285 (Tex. 1983); *Da-Col Paint Mfg. Co. v. American Indem. Co.*, 517 S.W.2d 270, 273 (Tex. 1974); *Raymond v. Rahme*, 78 S.W.3d 552, 559-60 (Tex. App.—Austin 2002, no pet.).

We may not enlarge or alter the plain meaning of statutory language. Wording in statutes is to be given its literal interpretation when that wording is clearly unambiguous. *Goldman v. Torres*, 341 S.W.2d 154, 158 (Tex. 1960); *Conn, Sherrod & Co., Inc. v. Tri-Electric Supply Co., Inc.*, 535 S.W.2d 31, 34 (Tex. App.—Tyler 1976, writ ref'd n.r.e.). The legislative policy of liberal construction and "substantial compliance" do not control in those cases where the legislature has mandated certain requirements for perfecting a lien claim in clear unequivocal terms. *See Conn, Sherrod & Co.*, 535 S.W.2d at 34; *see also Goldman*, 341 S.W.2d at 158.

Entitled "Necessary Procedures," section 53.051 requires compliance with subchapter C "[t]o perfect the lien." Tex. Prop. Code Ann. § 53.051. Section 53.052, the operative provision here, expressly provides a timetable for the filing of an affidavit to perfect a lien and does not contain any provision for a lien to be filed or perfected after the statutory deadline has passed. *See id.* § 53.052.

Ready Cable's affidavit filed on September 17 was the first and only affidavit actually filed. Seeking to avoid the filing requirement, Ready Cable argues that the filing was "complete upon *delivery* of an affidavit to the clerk with the appropriate fee." But no filing was accomplished

5

prior to September 17. Neither the majority nor Ready Cable has cited any authority that allows the filing requirement to be satisfied after the statutory deadline. *See Page v. Structural Wood Components, Inc.*, 102 S.W.3d 720, 721 (Tex. 2003) (affidavit filed on the thirty-first day not timely under section 53.103 of the property code, which section provides thirty-day deadline for filing liens on retained funds); *Rahme*, 78 S.W.3d at 561 (lien affidavit, filed on April 4, not timely when deadline for filing was March 15). Because it was undisputed that the September affidavit was not timely, I would conclude that RJP met its burden under section 53.160 for the removal of the September affidavit from the official public records of Williamson County. *See* Tex. Prop. Code Ann. § 53.160(d).

Relying on section 191.007 of the local government code, Ready Cable contends that it complied with the statutory filing requirements because the filing of its August affidavit was a ministerial act and the county clerk had no discretion in determining whether to file it. *See* Tex. Loc. Gov't Code Ann. § 191.007 (West 2008). The majority agrees with Ready Cable based on its conclusion that "the county clerk was not authorized to 'impose additional requirements' for filing or recording a legal paper such as the removal of irrelevant notations" and its fact-finding that Ready Cable's August affidavit met the requirements of subsections (b) through (g) of section 191.007. *See id.* But subsections (b) through (g) of section 191.007 provide non-substantive "specifications" for legal papers and are not dispositive here. *See id.*[4]

---

[4] For example, section 191.007(b)(1) specifies that "a page must . . . be no wider than 8 ½ inches and no longer than 14 inches." *See* Tex. Loc. Gov't Code Ann. § 191.007(b)(1) (West 2008).

6

The county clerk in its notice letter of non-filing referenced statutory provisions that substantively address a county clerk's duties to file and record documents. Among the provisions, section 191.001(c) of the local government code provides that a clerk's duty to record documents is limited to those documents that the clerk "is authorized to record." *See id*. § 191.001(c). Chapter 192 of the local government code addresses types of instruments that clerks are authorized to record. *See id.* §§ 192.001-.007 (West 2008). Section 192.001 directs the county clerk to "record each deed, mortgage, or other instrument that is required or permitted by law to be recorded." *See id.* § 192.001. Chapters 11 and 12 of the property code also address public records and the recording of instruments, including instruments concerning property. *See* Tex. Prop. Code Ann. §§ 11.001-.008 (provisions generally applicable to public records), 12.001-.018 (recording of instruments) (West 2004 & Supp. 2008).[5] Concluding that it has "found no authority for the county clerk's rejection of Ready Cable's filing," the majority ignores these substantive statutes.[6] Clear on their face, these statutes cabin the authority of the clerk to file any document proffered to it. And the county clerk—unlike the majority—recognized the limits on its authority.

---

[5] *See also* Op. Tex. Att'y Gen. No. GA-0450 (2006) ("[A] county clerk is prohibited from filing and recording a document that no statute authorizes, requires, or permits the clerk to accept."); Op. Tex. Att'y Gen. No. JC-0256 (2000) ("[A] county clerk is required to accept for filing only a document, 'regular on its face,' that the clerk is 'authorized, required, or permitted' by statute to file." (citation omitted)); Op. Tex. Att'y Gen. No. LO-016 (1998) (clerk must be able to determine from "face of the document that it complies with the applicable statute").

[6] The majority also relies on subsection (c) of section 53.052 of the property code that requires a county clerk to "record" the affidavit. *See* Tex. Prop. Code Ann. § 53.052(c) (West 2007). The majority conflates the filing and recording requirements in the statute. Subsection (a) of section 53.052 provides that "the person claiming the lien must file an affidavit with the county clerk" and subsection (c) provides that, once filed, "the county clerk shall record the affidavit" properly. *See id.* § 53.052(a), (c).

But this case becomes clear when we consider that Ready Cable defaulted on the various remedies available to it at the time it "caused [the affidavit] to be delivered." Ready Cable did not re-present or amend its August affidavit or seek available relief against the county clerk for refusing to file the affidavit that Ready Cable had "caused to be delivered" on the last day of its four-month statutory deadline. Instead, Ready Cable opted to file a separate distinct affidavit in the middle of September long after the filing deadline had passed. Ready Cable also failed to pursue the available remedy of mandamus. *See City of Abilene v. Fryar*, 143 S.W.2d 654, 657 (Tex. Civ. App.—Eastland 1940, no writ) (remedy for failure of clerk to perform ministerial duty to file and record instrument is action of mandamus); *see, e.g.*, *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (writ of mandamus may issue to compel the performance of a ministerial act or duty); *Park v. Archer*, 311 S.W.2d 231, 232 (Tex. 1958) (mandamus relief available against clerk of court for failure to file "tendered transcript and statement of facts"); Op. Tex. Att'y Gen. No. LO-016 (1998) ("If the clerk, through a mistaken understanding of the statute, refuses to file a document that is statutorily required to be filed, the remedy is an action of mandamus, which enables the court to construe the recording statute and determine as a matter of law whether it applies to the document in question.").

On this record, I would conclude that the district court did not err in granting the summary motion in favor of RJP to remove the affidavit claiming a lien that Ready Cable filed on September 17 from the official public records of Williamson County. *See Page*, 102 S.W.3d at 721; *Conn, Sherrod & Co.*, 535 S.W.2d at 34. I, therefore, would affirm the judgment of the district court.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed:   August 28, 2009