OCCIDENTAL NEBRASKA FEDERAL
SAVINGS BANK, Appellant,

v.

EAST END GLASS
COMPANY, Appellee.

No. 04–88–00312–CV.

Court of Appeals of Texas,
San Antonio.

June 7, 1989.

Jay T. Beitel, James H. Barrow, Kaufman, Becker, Clare & Reibach, San Antonio, for appellant.

Michael Baucum, Stephen T. Scott, Baucum & Steed, San Antonio, for appellee.

Before BUTTS, BIERY and CARR, JJ.

## OPINION

BIERY, Justice.

Appellant's motion for rehearing is denied. Our opinion of April 26, 1989 is withdrawn, and the following opinion is substituted.

This case involves competing lienholders. Occidental Nebraska Federal Savings Bank ("Bank") claims under a prior recorded construction deed of trust and security agreement. The deed of trust was executed by Magic Court Center Associates Joint Venture by its managing venturer, Trisource Interests II. Magic Court defaulted on the payment of the note secured by the construction deed of trust.

East End Glass Company ("Glass") installed certain mirrors and glass products in the subject property and was not paid in full. The trial court found that Glass had properly perfected its mechanic's and mate-

rialman's lien pursuant to TEX.PROP. CODE ANN. § 53.001 *et seq.* (Vernon 1984).[1] Glass was allowed to foreclose its statutory lien on certain items of glass and mirrors which the trial court found could be removed without material injury to the property.

Bank contends that the trial court erred in finding that Glass complied with the statutory requirements of the Texas Property Code and erred in finding that the improvements could be removed without material injury. We affirm the judgment of the trial court.

■ In its first seven points of error, Bank challenges the sufficiency of the evidence to support the trial court's finding that Glass's statutory lien was superior to the prior recorded deed of trust lien of Bank. The mechanic's and materialman's lien statutes of this State are liberally construed for the purpose of protecting laborers and materialmen. *Hayek v. Western Steel Co.,* 478 S.W.2d 786, 795 (Tex.1972). For purposes of perfection, only substantial compliance is required in order to fulfill the requirements of the mechanic's and materialman's lien statutes. *First Nat'l Bank v. Sledge,* 653 S.W.2d 283, 285 (Tex. 1983).

■ In point of error number one, Bank contends that Glass did not substantially comply with the statutory notice requirements because Glass did not name and notify the correct owner, Magic Court Center Associates. From a procedural standpoint, Glass contends that Bank failed to plead any noncompliance with conditions precedent pursuant to TEX.R.CIV.P. 54. We would agree with this contention were it not for the fact that the record reflects that evidence about whether the notice was sent to the correct owner was admitted without objection. Consequently, the issue was tried by consent. *Watts v. St. Mary's Hall, Inc.,* 662 S.W.2d 55, 58 (Tex.App.— San Antonio 1983, writ ref'd n.r.e.).

■ The evidence reflects that Glass sent notices of the unpaid balance and demands for payment to Interchange I.F.C., Inc. and Trisource Builders, Inc.[2] The addresses, including the suite number, to which Glass sent its notices were one and the same as the owner's address. The construction deed of trust given by the owner demonstrated the complex composition of the joint venture which owned the property to-wit:

> MAGIC COURT CENTER ASSOCIATES JOINT VENTURE, a Texas Joint Venture, consisting of GHW ENTERPRISES, an Arizona General Partnership consisting of JAMES G. GLASPER, JAMES D. WYATT and DOUGLAS A. HEINTZ, General Partners, and TRISOURCE PARTNERS II, a Texas General Partnership consisting of TRISOURCE INTERESTS II, a Texas General Partnership with JOEL E. AUSTIN and ADRIAN G. HUGGINS, General Partners, TRISOURCE ASSOCIATES—1984, a Texas General Partnership consisting of WALTER G. BUSBY, ELLEN CRAWFORD, CYNDY LEWIS, MICHAEL E. LYNCH, RON ROEDER, STEVE WEISSENBORN, and MICHAEL E. LYNCH (sic), by its Managing Venturer, TRISOURCE INTERESTS II.

The construction deed of trust also recites that the address of this business entity is "c/o Trisource Interests II, 10,000 IH 10 W—Suite 416, San Antonio, Texas, 78230."

The common sense reason for requiring a materialman to give notice to the owner is to let the owner know that the contractor has not paid the materialman out of the construction draws. This gives the owner an opportunity to retain funds still under owner's control and to avoid the imposition of a statutory lien. In the instant case, owner and contractor were, as a practical matter, the same people. Further, owner was unable to pay both the note held by Bank and the sums due Glass, the material-

---

1. All references to the Texas Property Code are to Vernon 1984.

2. These entities filled the role of "contractor," even though the same individuals were involved in the scheme of interlocking corporate shells, all doing business out of the same suite of offices.

man. Even absolute, versus substantial, compliance with the notice requirement would not have changed this reality.

If in fact a written notice is received, the method by which the notice was delivered is immaterial. TEX.PROP.CODE ANN. § 53.003(d). We hold that the evidence was sufficient to support the trial court's finding that Glass substantially complied with the statutory requirement of sending notice to the owner. Point of error one is overruled.

In addition to the question of whether the notice was sent to the proper entity, Bank also contends, in points of error two through seven, that the trial court erred in finding that Glass complied with the substantive requirements of TEX.PROP.CODE ANN. §§ 53.054, 53.055 and 53.056.

In its second amended original petition, Glass alleged that it had complied with the provisions of the Texas Property Code and that "all conditions precedent to the plaintiff's right of recovery have taken place or occurred." In its first amended answer, Bank filed only a general denial. TEX.R.CIV.P. 54 provides that the party who affirmatively pleads performance of all conditions precedent shall be required to prove only those conditions precedent as are specifically denied by the opposite party. While we have previously found that the record reflects trial by consent of whether the notice was sent to the proper entity, the record does not reflect trial by consent of the substantive requirements of TEX.PROP.CODE ANN. §§ 53.054, 53.055 and 53.056. Since there was no specific denial, there was no requirement of proof of the condition precedent by Glass. Points of error two through seven are overruled.

Points of error eight and nine challenge the sufficiency of the evidence to support the trial court's finding that the materials which are the subject of this law suit could be removed without material injury to the land, preexisting improvements or to the improvements removed. These points of error address the priority of a mechanic's and materialman's lien: "[A] mechanic's and materialman's statutory lien upon im-

provements made is suprior to a prior recorded deed of trust lien where the improvements made can be removed without material injury to the land and pre-existing improvements, or to the improvements removed." *First Nat'l Bank v. Whirlpool Corp.*, 517 S.W.2d 262, 269 (Tex.1974).

The evidence established that the mirrors in question could be removed without material damage to the mirrors or to the premises or preexisting improvements. According to the uncontroverted testimony of Glass's witness, a "worst case scenario" *might* result in the breakage of three out of fifty mirrors. We hold that the evidence was sufficient to support the trial court's finding that such possible slight injury is not material. Points of error eight and nine are overruled.

In point of error ten, Bank contends that Glass did not plead or pray for the judgment of foreclosure which it received. In its second amended original petition, Glass asked that it have a superior lien. Furthermore, Glass prayed for foreclosure in its trial amendment. Bank made no objections to the second amended original petition or the trial amendment. Point of error ten is overruled.

The judgment of the trial court is affirmed.