NO. 07-09-0018-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 13, 2011

_____

MARK ADAMS BROWN, APPELLANT

v.

CLAY CROOKS, INDIVIDUALLY AND DOING BUSINESS
AS CLAY CROOKS ROOFING AND INSULATION,
APPELLEE

_____

FROM THE 340TH DISTRICT COURT OF TOM GREEN COUNTY;

NO. C-07-1039-C; HONORABLE BARBARA L. WALTHER, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Mark Adams Brown, appeals from a judgment entered in favor of Appellee, Clay Crooks, Individually and d/b/a Clay Crooks Roofing and Insulation, in a suit to enforce a mechanic's and materialman's lien following a bench trial. In support, Brown asserts the trial court erred by (1) failing to specify in its Judgment and Findings of Fact and Conclusions of Law whether Crooks's lien was a subcontractor's lien or an

original contractor's lien, (2) finding Crooks has any lien other than a subcontractor's lien, (3) basing its judgment on a subcontractor's lien, (4) referring to Crooks's lien in its Judgment as a recorded mechanic's lien, (5) failing to quantify the full amount of the lien in its Findings of Fact and Conclusions of Law, (6) failing to specify the amount of damages in its Findings of Fact and Conclusions of Law, (7) awarding damages recoverable on a subcontractor's lien, (8) finding legally sufficient evidence to award $5,200 as damages to enforce a subcontractor's lien, (9) awarding any damages recoverable on a subcontractor's lien because Crooks did not plead such damages, (10) rendering judgment *in personam* against Brown because of insufficient evidence he contracted with Crooks, and (11-13) finding legally sufficient evidence to justify a damages award based on *quantum meruit*. We reverse and render in part and affirm in part.

## Background

In July 2007, Crooks filed his Original Petition seeking to enforce a mechanic's and materialman's lien on property purchased by Brown located at 518 Pope, San Angelo, Texas (the Property).[1] In addition to seeking enforcement of the lien, Crooks sought a judgment based on *quantum meruit*.

---

[1]The property was described as follows:

> The South 60 feet of Lots 6 and 7, Block 24, Ellis Addition to the City of San Angelo, Tom Green County, Texas, according to the map or plat of said Addition of record in the office of the County Clerk, Tom Green County, Texas. Said property more commonly known as 518 Pope, San Angelo, Texas.

The following evidence was adduced at a bench trial held in July 2008.[2]  Victor Samaniego, Sr., owned the Property from October 1992 through January 2007.  In January 2006, Samaniego executed a Durable Power of Attorney and appointed Emily R. McDonald as his agent and attorney-in-fact.  The Durable Power of Attorney was recorded with the County Clerk of Tom Green County, Texas on January 7, 2006.

On July 6, 2006, McDonald signed a contract with Clay Crooks to repair the roof of a building on Samaniego's Property.   Under the contract, Crooks agreed to remove a composition roof and wood shingles, redeck, and reshingle the roof with twenty year shingles.  In return, McDonald agreed to pay Crooks $5,200.  Crooks performed the work but neither McDonald nor Samaniego made any payment on the contract price.

On August 7, 2006, Crooks filed an affidavit with the County Clerk of Tom Green County, claiming a mechanic's and materialman's lien on the Property in the amount of the unpaid claim, $5,200.[3]  The affidavit stated, in pertinent part, as follows:

> 2.      The last name and the last known address of the owner or reputed owner ("Owner") of the real property and improvements on which this claim is made is Victor Samaniego . . . .
>
> *   *   *
>
> 5.      Claimant [Crooks] furnished the above-described labor and materials under a contract with Emily R. McDonald, whose last known address is 2530 North US Hwy. 277, Bronte, Texas 76933.
>
> 6.      The name and last known address of the original contractor on the above-referenced project are (sic) Emily R. McDonald, 2530 North US Hwy. 277, Bronte, Texas 76933.

---

[2]Our recitation of the facts mirrors those established in the trial court's Findings of Fact.

[3]Crooks also mailed a copy of the Affidavit by certified mail return receipt requested to Samaniego and McDonald.

In January 2007, Brown purchased the Property. Prior to purchasing, he examined the title and, in his examination, discovered Crooks's lien affidavit filed with the County Clerk. In February, Crooks sent Brown a letter advising Brown of his claimed lien and attached a copy of his affidavit. When subsequent efforts to collect the contract price proved to be unsuccessful, Crooks filed suit on July 31, 2007. During a bench trial, Brown testified that he believed Crooks's affidavit sought to enforce a subcontractor's lien rather than an original contractor's lien.

At the trial's conclusion, the trial court awarded Crooks a judgment against Brown for $5,200, the full amount of the lien, and granted foreclosure on the Property. Per Brown's request, the trial court subsequently issued Findings of Fact and Conclusions of Law that affirmed its judgment. This appeal followed.

**Discussion**

Essentially, at trial, Brown disputed the nature of Crooks's lien, i.e., whether Crooks's Affidavit noticed an original contractor's lien or a subcontractor's lien. Brown did not file any cross-claim or challenge whether Crook complied with the statutory requirements for claiming a mechanic's and materialman's lien under Texas Property Law. *See* Tex. Prop. Code Ann. §§ 53.001-53.260 (West 2007).[4] On appeal, nearly all of his thirteen issues stem from this dispute.

---

[4]For convenience, references to provisions of the Texas Property Code throughout the remainder of this opinion will be cited as "section ___" or "§ ___."

**Issue One**

Brown does not cite any case law or other authority in support of his contention that the trial court was *required* to state in its Findings of Fact and Conclusions of Law whether Crooks's lien was an original contractor's lien or subcontractor's lien. Neither did Brown object to the findings and conclusions entered or seek clarification of the language in the Findings of Fact and Conclusions of Law. *See* Tex. R. Civ. P. 298.

Texas Rule of Appellate Procedure 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." To comply, an appellant must "provide us with such discussion of the facts and authorities relied upon as may be requisite to maintain the point at issue"; *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.,* 106 S.W.3d 118, 129 (Tex.App.--Houston [1st Dist.] 2002, pet. denied) (citing *Franklin v. Enserch, Inc.* 961 S.W.2d 704, 711 (Tex.App.--Amarillo 1998, no pet.)), and "[i]ssues on appeal are waived if an appellant fails to support his contention by citations to appropriate authority or cites only to a single non-controlling case." *Abelnour v. Mid Nat'l Holdings, Inc.,* 190 S.W.3d 237, 241 (Tex.App.--Houston [1st Dist.] 2006, no pet.) (citing *Wolfe v. C.S.P.H.*, 24 S.W.3d 641, 647 (Tex.App.--Dallas 2000, no pet.)). Hence, Brown's first issue was insufficiently briefed, and therefore, waived.

That said, however, the clear implication from the trial court's Findings of Fact and Conclusions of Law is that the trial court determined Crooks's lien to be an original contractor's lien and granted Crooks complete relief with the exception of his prayer for

attorney's fees.  Although we find issue one was waived, we will consider Brown's legal arguments regarding the statutory differences between an original contractor's lien and a subcontractor's lien in our consideration of Brown's second issue.

**Issue Two**

The mechanic's and materialman's lien statutes, as well as relevant case law, mandate that a lien affidavit should not be judged by a strict standard but by whether the claimant substantially complied with the statutory requirements.  *See* § 53.054 (stating that lien affidavits "must contain substantially" the required information); *Occidental Neb. Fed. Sav. Bank v. East End Glass Co.,* 773 S.W.2d 687, 688 (Tex.App.--San Antonio 1989, no writ) ("For purposes of perfection, only substantial compliance is required in order to fulfill the requirements of the mechanic's and materialman's lien statutes.")  This substantial compliance standard is consistent with the liberal construction generally afforded to mechanic's and materialman's lien statutes. *See, e.g., First Nat'l Bank in Dallas v. Whirlpool Corp.*, 517 S.W.2d 262, 269 (Tex. 1974) ("It is well settled that the mechanic's and materialman's lien statutes of this State will be liberally construed for the purpose of protecting laborers and materialmen.")

For purposes of mechanic's or materialman's liens, an "original contractor" is a "person contracting with an owner either directly *or through the owner's agent*."  § 53.001(7) (emphasis added).  A subcontractor is "a person who has furnished labor or materials to fulfill an obligation to an original contractor or to a subcontractor to perform all or part of the work required by an original contract."  § 53.001(13).  Because Crooks contracted directly with McDonald, an agent of the owner, Samaniego, to provide labor

6

and materials to repair the roof of Samaniego's residence, Crooks was an original contractor.

Brown asserts, nevertheless, that Crooks's statement in the affidavit filed with the County Clerk identifying McDonald as the original contractor and a reference to Crooks being a subcontractor in the notice letter sent to Samaniego and McDonald[5] constitute judicial admissions that Crooks was in fact a subcontractor. Form requirements for mechanic's and materialman's lien affidavits are to be liberally construed and substantial compliance with the mechanic's and materialman's lien statute authorizing the lien is sufficient. See *Whirlpool Corp.*, 517 S.W.2d at 269; *Occidental Neb. Fed. Sav. Bank.,* 773 S.W.2d at 688. Regarding the giving of notice of the claimed lien, there are no informational requirements other than requiring that the person filing the affidavit "send a copy of the affidavit by registered mail." § 53.055. Accordingly, we decline to treat the statement in Crooks's affidavit, or the letter received by the prior owners accompanied by a copy of the affidavit, as binding judicial admissions, "but instead look at the actual relationship of the parties and the purpose of the statute." *Truss World, Inc. v. ERJS Inc.,* 284 S.W.3d 393, 395-96 (Tex.App.--Beaumont 2009, pet. denied) (where the actual relationship of the parties is that of owner and original contractor, the fact that the original contractor referred to himself as a subcontractor in his lien affidavit was not a judicial admission and the statutory requirements for an original contractor's lien affidavit were satisfied). Issue two is overruled.

---

[5]The notice letter to Brown did not refer to Crooks as a subcontractor.

7

**Issues Three Through Nine**

In no more than four sentences each in issues four and eight, three sentences in issue three, two sentences in issue nine, and one sentence each in issues five through seven, Brown asserts these issues without any substantive analysis or citation to applicable legal authority. As a result, these issues are waived. *See Burnett Ranches, LTD v. Cano Petroleum, Inc.*, 289 S.W.3d 862, 870-71 (Tex.App.--Amarillo 2009, pet. denied) (conclusory or unexplained arguments without substantive analysis result in waiver of the issues on appeal); *Morrill v. Cisek*, 226 S.W.3d 545, 548 (Tex.App.-- Houston [1st Dist.] 2006, no pet.) (brief conclusory statements unsupported by legal citations on appeal result in waiver); *Kosowska v. Kahn*, 929 S.W.2d 505, 508-09 (Tex.App.--San Antonio 1996, writ denied) (failure to cite any authority on an issue constitutes waiver of alleged error); *Ralston Purina Co. v. McKendrick*, 850 S.W.2d 629, 637 (Tex.App.--San Antonio 1993, writ denied) (point of error not supported by argument or authorities is waived). Brown's issues three through nine are waived.

**Issue Ten**

Although also lacking in substantive analysis or citation to applicable legal authority, in the interest of justice, we choose to address Brown's tenth issue wherein he avers that the trial court erred in rendering judgment against him individually. The record establishes that Brown never had a contractual relationship with Crooks. The record further establishes that Brown purchased the Property after the work the subject of Crooks's lien affidavit was performed and never assumed personal liability for that work. Because Crooks has failed to establish a legal theory or factual basis upon which

Brown's personal liability can be established, we sustain issue ten and reverse the trial court's judgment as it pertains to Brown's personal liability.

### Issues Eleven Through Thirteen

Issues eleven through thirteen assert that, *if* the trial court based its order of foreclosure on *quantum meruit*, the trial court erred by finding legally sufficient evidence to justify a damages award based on Crooks's additional legal theory for recovery. In overruling issue two, we concluded that, as a matter of law, Crooks's affidavit was sufficient to place Brown on notice of Crooks's lien and that the trial court properly enforced the lien in its judgment. As such, we pretermit an analysis whether Crooks's additional legal theory may also provide a basis for his recovery. Accordingly, Brown's issues eleven through thirteen are pretermitted. *See* Tex. R. App. P. 47.1.

### Conclusion

The trial court's judgment is reversed as to Brown's personal liability and judgment is hereby rendered that Crooks take nothing as to Brown, individually. In all remaining respects, the judgment of the trial court is affirmed.

Patrick A. Pirtle
Justice

9