NO. 07-09-0018-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 APRIL 13, 2011

 MARK ADAMS BROWN, APPELLANT

 v.

 CLAY CROOKS, INDIVIDUALLY AND DOING BUSINESS AS CLAY CROOKS
 ROOFING AND INSULATION, APPELLEE

 FROM THE 340TH DISTRICT COURT OF TOM GREEN COUNTY;

 NO. C-07-1039-C; HONORABLE BARBARA L. WALTHER, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION

 Appellant, Mark Adams Brown, appeals from a judgment entered in
favor of Appellee, Clay Crooks, Individually and d/b/a Clay Crooks
Roofing and Insulation, in a suit to enforce a mechanic's and
materialman's lien following a bench trial. In support, Brown asserts
the trial court erred by (1) failing to specify in its Judgment and
Findings of Fact and Conclusions of Law whether Crooks's lien was a
subcontractor’s lien or an original contractor's lien, (2) finding
Crooks has any lien other than a subcontractor's lien, (3) basing its
judgment on a subcontractor's lien, (4) referring to Crooks's lien in
its Judgment as a recorded mechanic's lien, (5) failing to quantify
the full amount of the lien in its Findings of Fact and Conclusions of
Law, (6) failing to specify the amount of damages in its Findings of
Fact and Conclusions of Law, (7) awarding damages recoverable on a
subcontractor's lien, (8) finding legally sufficient evidence to award
$5,200 as damages to enforce a subcontractor's lien, (9) awarding any
damages recoverable on a subcontractor's lien because Crooks did not
plead such damages, (10) rendering judgment in personam against Brown
because of insufficient evidence he contracted with Crooks, and (11-
13) finding legally sufficient evidence to justify a damages award
based on quantum meruit. We reverse and render in part and affirm in
part.

 Background

 In July 2007, Crooks filed his Original Petition seeking to
enforce a mechanic's and materialman's lien on property purchased by
Brown located at 518 Pope, San Angelo, Texas (the Property).[1] In
addition to seeking enforcement of the lien, Crooks sought a judgment
based on quantum meruit.

 The following evidence was adduced at a bench trial held in July
2008.[2] Victor Samaniego, Sr., owned the Property from October 1992
through January 2007. In January 2006, Samaniego executed a Durable
Power of Attorney and appointed Emily R. McDonald as his agent and
attorney-in-fact. The Durable Power of Attorney was recorded with the
County Clerk of Tom Green County, Texas on January 7, 2006.

 On July 6, 2006, McDonald signed a contract with Clay Crooks to
repair the roof of a building on Samaniego's Property. Under the
contract, Crooks agreed to remove a composition roof and wood
shingles, redeck, and reshingle the roof with twenty year shingles.
In return, McDonald agreed to pay Crooks $5,200. Crooks performed the
work but neither McDonald nor Samaniego made any payment on the
contract price.

 On August 7, 2006, Crooks filed an affidavit with the County
Clerk of Tom Green County, claiming a mechanic's and materialman's
lien on the Property in the amount of the unpaid claim, $5,200.[3]
The affidavit stated, in pertinent part, as follows:

 2. The last name and the last known address of the owner or
 reputed owner ("Owner") of the real property and improvements on
 which this claim is made is Victor Samaniego . . . .

 * * *

 5. Claimant [Crooks] furnished the above-described labor and
 materials under a contract with Emily R. McDonald, whose last
 known address is 2530 North US Hwy. 277, Bronte, Texas 76933.

 6. The name and last known address of the original contractor
 on the above-referenced project are (sic) Emily R. McDonald, 2530
 North US Hwy. 277, Bronte, Texas 76933.

 In January 2007, Brown purchased the Property. Prior to
purchasing, he examined the title and, in his examination, discovered
Crooks's lien affidavit filed with the County Clerk. In February,
Crooks sent Brown a letter advising Brown of his claimed lien and
attached a copy of his affidavit. When subsequent efforts to collect
the contract price proved to be unsuccessful, Crooks filed suit on
July 31, 2007. During a bench trial, Brown testified that he believed
Crooks's affidavit sought to enforce a subcontractor's lien rather
than an original contractor's lien.

 At the trial's conclusion, the trial court awarded Crooks a
judgment against Brown for $5,200, the full amount of the lien, and
granted foreclosure on the Property. Per Brown's request, the trial
court subsequently issued Findings of Fact and Conclusions of Law that
affirmed its judgment. This appeal followed.

 Discussion

 Essentially, at trial, Brown disputed the nature of Crooks's
lien, i.e., whether Crooks's Affidavit noticed an original
contractor's lien or a subcontractor's lien. Brown did not file any
cross-claim or challenge whether Crook complied with the statutory
requirements for claiming a mechanic's and materialman's lien under
Texas Property Law. See Tex. Prop. Code Ann. §§ 53.001-53.260 (West
2007).[4] On appeal, nearly all of his thirteen issues stem from this
dispute.

 Issue One

 Brown does not cite any case law or other authority in support
of his contention that the trial court was required to state in its
Findings of Fact and Conclusions of Law whether Crooks's lien was an
original contractor's lien or subcontractor's lien. Neither did Brown
object to the findings and conclusions entered or seek clarification
of the language in the Findings of Fact and Conclusions of Law. See
Tex. R. Civ. P. 298.

 Texas Rule of Appellate Procedure 38.1(i) requires that an
appellant's brief "contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the
record." To comply, an appellant must "provide us with such
discussion of the facts and authorities relied upon as may be
requisite to maintain the point at issue"; Tesoro Petroleum Corp. v.
Nabors Drilling USA, Inc., 106 S.W.3d 118, 129 (Tex.App.--Houston [1st
Dist.] 2002, pet. denied) (citing Franklin v. Enserch, Inc. 961 S.W.2d
704, 711 (Tex.App.--Amarillo 1998, no pet.)), and "[i]ssues on appeal
are waived if an appellant fails to support his contention by
citations to appropriate authority or cites only to a single non-
controlling case." Abelnour v. Mid Nat'l Holdings, Inc., 190 S.W.3d
237, 241 (Tex.App.--Houston [1st Dist.] 2006, no pet.) (citing Wolfe
v. C.S.P.H., 24 S.W.3d 641, 647 (Tex.App.--Dallas 2000, no pet.)).
Hence, Brown's first issue was insufficiently briefed, and therefore,
waived.

 That said, however, the clear implication from the trial court's
Findings of Fact and Conclusions of Law is that the trial court
determined Crooks's lien to be an original contractor's lien and
granted Crooks complete relief with the exception of his prayer for
attorney’s fees. Although we find issue one was waived, we will
consider Brown's legal arguments regarding the statutory differences
between an original contractor's lien and a subcontractor's lien in
our consideration of Brown's second issue.

 Issue Two

 The mechanic's and materialman's lien statutes, as well as
relevant case law, mandate that a lien affidavit should not be judged
by a strict standard but by whether the claimant substantially
complied with the statutory requirements. See § 53.054 (stating that
lien affidavits "must contain substantially" the required
information); Occidental Neb. Fed. Sav. Bank v. East End Glass Co.,
773 S.W.2d 687, 688 (Tex.App.--San Antonio 1989, no writ) ("For
purposes of perfection, only substantial compliance is required in
order to fulfill the requirements of the mechanic's and materialman's
lien statutes.") This substantial compliance standard is consistent
with the liberal construction generally afforded to mechanic's and
materialman's lien statutes. See, e.g., First Nat'l Bank in Dallas v.
Whirlpool Corp., 517 S.W.2d 262, 269 (Tex. 1974) ("It is well settled
that the mechanic's and materialman's lien statutes of this State will
be liberally construed for the purpose of protecting laborers and
materialmen.")

 For purposes of mechanic’s or materialman’s liens, an "original
contractor" is a "person contracting with an owner either directly or
through the owner's agent." § 53.001(7) (emphasis added). A
subcontractor is "a person who has furnished labor or materials to
fulfill an obligation to an original contractor or to a subcontractor
to perform all or part of the work required by an original contract."
§ 53.001(13). Because Crooks contracted directly with McDonald, an
agent of the owner, Samaniego, to provide labor and materials to
repair the roof of Samaniego's residence, Crooks was an original
contractor.

 Brown asserts, nevertheless, that Crooks's statement in the
affidavit filed with the County Clerk identifying McDonald as the
original contractor and a reference to Crooks being a subcontractor in
the notice letter sent to Samaniego and McDonald[5] constitute
judicial admissions that Crooks was in fact a subcontractor. Form
requirements for mechanic's and materialman's lien affidavits are to
be liberally construed and substantial compliance with the mechanic's
and materialman's lien statute authorizing the lien is sufficient.
See Whirlpool Corp., 517 S.W.2d at 269; Occidental Neb. Fed. Sav.
Bank., 773 S.W.2d at 688. Regarding the giving of notice of the
claimed lien, there are no informational requirements other than
requiring that the person filing the affidavit "send a copy of the
affidavit by registered mail." § 53.055. Accordingly, we decline to
treat the statement in Crooks's affidavit, or the letter received by
the prior owners accompanied by a copy of the affidavit, as binding
judicial admissions, "but instead look at the actual relationship of
the parties and the purpose of the statute." Truss World, Inc. v.
ERJS Inc., 284 S.W.3d 393, 395-96 (Tex.App.--Beaumont 2009, pet.
denied) (where the actual relationship of the parties is that of owner
and original contractor, the fact that the original contractor
referred to himself as a subcontractor in his lien affidavit was not a
judicial admission and the statutory requirements for an original
contractor's lien affidavit were satisfied). Issue two is overruled.

Issues Three Through Nine

 In no more than four sentences each in issues four and eight,
three sentences in issue three, two sentences in issue nine, and one
sentence each in issues five through seven, Brown asserts these issues
without any substantive analysis or citation to applicable legal
authority. As a result, these issues are waived. See Burnett
Ranches, LTD v. Cano Petroleum, Inc., 289 S.W.3d 862, 870-71 (Tex.App.-
-Amarillo 2009, pet. denied) (conclusory or unexplained arguments
without substantive analysis result in waiver of the issues on
appeal); Morrill v. Cisek, 226 S.W.3d 545, 548 (Tex.App.--Houston [1st
Dist.] 2006, no pet.) (brief conclusory statements unsupported by
legal citations on appeal result in waiver); Kosowska v. Kahn, 929
S.W.2d 505, 508-09 (Tex.App.--San Antonio 1996, writ denied) (failure
to cite any authority on an issue constitutes waiver of alleged
error); Ralston Purina Co. v. McKendrick, 850 S.W.2d 629, 637
(Tex.App.--San Antonio 1993, writ denied) (point of error not
supported by argument or authorities is waived). Brown's issues three
through nine are waived.

 Issue Ten

 Although also lacking in substantive analysis or citation to
applicable legal authority, in the interest of justice, we choose to
address Brown's tenth issue wherein he avers that the trial court
erred in rendering judgment against him individually. The record
establishes that Brown never had a contractual relationship with
Crooks. The record further establishes that Brown purchased the
Property after the work the subject of Crooks's lien affidavit was
performed and never assumed personal liability for that work. Because
Crooks has failed to establish a legal theory or factual basis upon
which Brown's personal liability can be established, we sustain issue
ten and reverse the trial court's judgment as it pertains to Brown's
personal liability.

 Issues Eleven Through Thirteen

 Issues eleven through thirteen assert that, if the trial court
based its order of foreclosure on quantum meruit, the trial court
erred by finding legally sufficient evidence to justify a damages
award based on Crooks's additional legal theory for recovery. In
overruling issue two, we concluded that, as a matter of law, Crooks's
affidavit was sufficient to place Brown on notice of Crooks's lien and
that the trial court properly enforced the lien in its judgment. As
such, we pretermit an analysis whether Crooks's additional legal
theory may also provide a basis for his recovery. Accordingly,
Brown's issues eleven through thirteen are pretermitted. See Tex. R.
App. P. 47.1.

 Conclusion

 The trial court's judgment is reversed as to Brown's personal
liability and judgment is hereby rendered that Crooks take nothing as
to Brown, individually. In all remaining respects, the judgment of
the trial court is affirmed.

 Patrick A. Pirtle
 Justice
-----------------------
[1]The property was described as follows:

 The South 60 feet of Lots 6 and 7, Block 24, Ellis Addition to
 the City of San Angelo, Tom Green County, Texas, according to the
 map or plat of said Addition of record in the office of the
 County Clerk, Tom Green County, Texas. Said property more
 commonly known as 518 Pope, San Angelo, Texas.

[2]Our recitation of the facts mirrors those established in the trial
court's Findings of Fact.

[3]Crooks also mailed a copy of the Affidavit by certified mail return
receipt requested to Samaniego and McDonald.

[4]For convenience, references to provisions of the Texas Property
Code throughout the remainder of this opinion will be cited as
"section ___" or "§ ___."

[5]The notice letter to Brown did not refer to Crooks as a
subcontractor.